UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>FUTOSHI TACHINO,<br><br>Defendant/Movant. | Case No. CV 15-9193-VAP<br>[CR 09-68-VAP]<br><br>**MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. SECTION 2255**<br><br>**[Motion filed November 25, 2015]** |

On November 25, 2015, pro se Movant Futoshi Tachino ("Movant") filed a Motion for Relief Pursuant to 28 U.S.C. section 2255 ("Mot."). (Doc. No. 1.) Respondent filed its Response to the Motion on December 18, 2015. (Doc. No. 6.) The Court issued an order on April 1, 2010, allowing Movant to file a Reply no later than January 25, 2016. (Doc. No. 9.) No Reply was filed, and the matter is now ready for decision.

## I. DISCUSSION

**A.   Movant's Plea Agreement and the Entry of Movant's Guilty Plea**

On March 9, 2011, Movant pled guilty to count two of the First Superseding Indictment, charging him with violation of 18 U.S.C. sections 2251(d)(1), (e), conspiracy to advertise child pornography. (Cr. Doc. No. 470.)[1]

The Plea Agreement signed by Movant, his counsel, and counsel for the Government, contained a section stating that the charge to which Movant pled guilty carried a mandatory minimum sentence of 15 years. (Cr. Doc. No. 473, ¶ 9.) The Plea Agreement also contained a provision that, with limited exceptions, Movant waived his right to file a collateral attack on his conviction or sentence, or to appeal his conviction or sentence so long as the sentence fell below the statutory maximum, was constitutional, and fell within or below the range set forth in the United States Sentencing Guidelines range corresponding to a total offense level of 25 and the offense level as determined by the Court. (Id., ¶ 25.)

The Plea Agreement also provided that if, in the "exclusive judgment" of the United States Attorney's Office, it determined that Movant had provided substantial assistance to the Government in the investigation or prosecution of another person, it would move at time of sentencing for a reduced offense level pursuant to U.S.S.G. § 5K1.1. (Id. ¶ 6(d).) In addition, it provided that any decision to move the Court pursuant to 18 U.S.S.G. § 3553(e), for a sentence below the mandatory minimum sentence was, again, within the "exclusive judgment" of the United States Attorney's Office. (Id.)

---

[1] References to the docket in this Order refer to the docket in Case No. CV 15-9193 VAP. References to the docket in Movant's underlying criminal case, Case No. CR 09-0068 VAP, are referred to as "Cr. Doc."

At his change of plea hearing, Movant represented to the Court under oath that his lawyer had advised him of his constitutional rights; that he had read the Plea Agreement, understood it, discussed it with his lawyer and needed no further time to discuss it with counsel;  that he had been advised of the penalties, including the mandatory minimum 15 year sentence, that applied to the charge to which he was offering his guilty plea; that he understood that the sentence ultimately imposed by the Court might be different from any estimate given to him by his lawyer; that he understood the Court was not bound by the Plea Agreement; and that the terms of the Plea Agreement were "the entire understanding that [he had] with the Government," and no one had promised him leniency, a particular sentence, or any other inducement of any kind in order to get him to plead guilty; and that he understood everything that had been discussed at the change of plea hearing.  He also represented that he was pleading guilty voluntarily and of his own free will.  (Id.)

B.     **Legal Standard**

Movant frames all of his claims as ones alleging deprivation of his right to the effective assistance of counsel, in violation of the Sixth Amendment to the United States Constitution.  To establish ineffective assistance of counsel, a movant must show two things.  "First, the [movant] must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.  Second, the [movant] must show that the deficient performance prejudiced the defense."  Strickland v. Washington, 466 U.S. 668, 687 (1984).  In order to show prejudice, "[t]he [movant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.

### C. Grounds Raised in the Motion

Movant raises the following five grounds for relief under section 2255:

(1) "Ineffective assistance of counsel for . . . counsel's failure to object to the District Court's jurisdiction;" (2) "ineffectively advised or improperly executed plea;" (3) "Ineffectively presented sentencing arguments;" (4) "Illegal sentence for not being properly imposed under § 3553(a);" and (5) "Illegal sentence based on a count in a superseded indictment without legal significance." (Mot. at 5.)

#### 1. Claim One: Failure to challenge the District Court's jurisdiction

Movant argues that (1) because he asked his trial counsel to contest the District Court's jurisdiction, and his attorney did not do so, the first prong of the Strickland is satisfied, and (2) the second prong, prejudice, is "obviously" satisfied because if the "Court had been found without jurisdiction, Movant would not be in custody." (Mot. at 5-6.)

This claim fails. As explained below, a challenge to the Court's jurisdiction in this case would have been futile, so declining to file such a motion did not render trial counsel's representation outside the "wide range of professionally competent assistance," particularly in light of the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689-690. "'The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel.'" Shah v. United States, 878 F.2d 1156, 1162 (9th Cir. 1989) (quoting Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982).

Movant cannot establish the second prong, prejudice, either. Movant cites no legal authority for his contention that the Court lacked jurisdiction over him simply because he is a citizen of Japan and was a resident of Canada, probably because no such authority exists. Next, Movant argues that the Court lacked jurisdiction because "whatever happens

4

on the Internet happens everywhere from which the Internet is accessible . . . [so] this arbitrary claim to jurisdiction is a sovereignty issue." (Mot. at 6.)

It is well settled that "jurisdiction is proper if the offense, or part of the offense, occurred within the United States." United States v. Moncini, 882 F.2d 401, 403 (9th Cir. 1989) (citing Rocha v. United States, 288 F.2d 545, 547 (9th Cir. 1961)).  As the Government correctly points out, there was ample evidence here that many of the acts upon which the conspiracy charge was based occurred in the United States. Movant belonged to the members-only "Lost Boys" Internet bulletin board that Movant set up on an Internet server in Texas (Plea Agmt. ¶ 15); Movant set up the Lost Boy bulletin while living in Ames, Iowa (Cr. Doc. No. 1052 (Tr. Trans., 10/6/11, p. 128)); the message board operated in every location where a "Lost Boys" member could access it through the Internet, including the Central District of California (id.); members, including Movant, posted and downloaded child pornography to and from the message board; members of the charged conspiracy resided in the United States (including Harout Sarafian, Bill Carroll, Tracy Woodrow, Ryan Hawthorne, Anthony Jasso, and Jason Morris); Movant posted to the Lost Boy bulletin board while physically in the United States; and Movant met with Sarafian, Jasso and Tracy in California to discuss issues related to the Lost Boys bulletin board.  (Id. at pp. 138-139.)  This is more than sufficient to meet the standard for jurisdiction.

Hence, Movant has not established either of the Strickland prongs, much less both. The declaration submitted by Movant's trial counsel, while corroborating Movant's claim that he asked the attorney to bring a motion challenging jurisdiction, shows that he made a tactical decision not to do so.  "'Tactical decisions that are not objectively unreasonable do not constitute ineffective assistance of counsel.'" Babbitt v. Calderon, 151 F.3d 1170, 1174 (quoting Hensley v. Crist, 67 F.3d 181, 185 (9th Cir. 1995).  Movant has not shown

that even if such a motion had been made, it would have been successful -- his argument on this point simply assumes that the Court would have granted the motion and he would have been released from custody. The failure to show prejudice, that is, a reasonable probability that the result of the proceeding would have been different if the motion had been brought, see Strickland, 466 U.S. at 694, dooms this claim as well.

### 2. Claim Two: "Ineffectively advised or improperly executed plea"

Movant next contends his counsel advised him that under his Plea Agreement, the applicable range under the United States Sentencing Guidelines was "between 0 to 15" years if Movant provided substantial assistance. At the time of Movant's sentencing, however, the Government declined to make a motion under 18 U.S.C. § 3553(e) for a sentence below the mandatory minimum of 15 years and the Court sentenced him to a prison term of 17 years. (Mot. at 5, add'l pages 3-5, 7-10.)

The colloquy at Movant's change of plea hearing contained the following exchange:

**THE COURT**: DO YOU UNDERSTAND, MR. TACHINO, THE POSSIBLE CONSEQUENCES OF YOUR PLEA, INCLUDING THE MAXIMUM SENTENCE YOU CAN RECEIVE, ANY MANDATORY MINIMUM SENTENCE, AND THE OTHER TERMS WHICH THE ASSISTANT UNITED STATES ATTORNEY AND I HAVE DESCRIBED?
**THE DEFENDANT**: YES, I DO.
. . .
**THE COURT**: DO YOU HAVE ANY QUESTIONS REGARDING THE POTENTIAL SENTENCE THAT YOU MAY RECEIVE IF THE COURT ACCEPTS YOUR PLEA OF GUILTY?
**THE DEFENDANT**: NO, I DON'T.

. . .

**THE COURT**: DO YOU UNDERSTAND THAT THE SENTENCE IMPOSED BY THE COURT MAY BE DIFFERENT FROM ANY ESTIMATE YOUR LAWYER HAS GIVEN YOU?

**THE DEFENDANT**: YES.

**THE COURT**: DO YOU ALSO UNDERSTAND THAT, AFTER YOUR SENTENCING GUIDELINE RANGE HAS BEEN CALCULATED BY THE PROBATION DEPARTMENT, THIS COURT HAS THE AUTHORITY TO IMPOSE A SENTENCE THAT IS MORE SEVERE OR LESS SEVERE THAN THE SENTENCE CALLED FOR IN THE GUIDELINES?

**THE DEFENDANT**: YES.

. . . .

**THE COURT**: DID YOU READ THE PLEA AGREEMENT AND DISCUSS IT WITH YOUR LAWYER BEFORE YOU SIGNED IT?

**THE DEFENDANT**: YES, I HAVE.

**THE COURT**: DO YOU UNDERSTAND THE TERMS OF THIS PLEA AGREEMENT?

**THE DEFENDANT**: YES, I DO.

**THE COURT**: DO YOU WANT ANY MORE TIME TO DISCUSS IT WITH YOUR LAWYER?

**THE DEFENDANT**: NO, YOUR HONOR.

**THE COURT**: DO YOU UNDERSTAND THAT THE COURT IS NOT A PARTY TO THE PLEA AGREEMENT AND IS NOT BOUND BY ITS TERMS?

**THE DEFENDANT**: YES, I UNDERSTAND.

**THE COURT**: ARE THE TERMS OF THIS PLEA AGREEMENT THE ENTIRE UNDERSTANDING THAT YOU HAVE WITH THE GOVERNMENT?

**THE DEFENDANT**: YES.

**THE COURT**: OTHER THAN WHAT IS CONTAINED IN THE WRITTEN PLEA AGREEMENT, HAS ANYONE MADE YOU ANY PROMISES, REPRESENTATIONS, OR GUARANTEES OF ANY KIND IN AN EFFORT TO GET YOU TO PLEAD GUILTY IN THIS CASE?

**THE DEFENDANT**: NO.

**THE COURT**: OTHER THAN WHAT IS CONTAINED IN THIS WRITTEN PLEA AGREEMENT AND OTHER THAN A GENERAL DISCUSSION OF THE GUIDELINES RANGE AND OTHER SENTENCING FACTORS, HAS ANYONE MADE YOU ANY PROMISES OF LENIENCY OR A PARTICULAR SENTENCE OR OTHER INDUCEMENT OF ANY KIND TO GET YOU TO PLEAD GUILTY?

**THE DEFENDANT**: NO.

**THE COURT**: HAS ANYONE TOLD YOU THE COURT WILL IMPOSE ANY SPECIFIC SENTENCE IN THE EVENT YOUR PLEA IS ACCEPTED?

**THE DEFENDANT**: NO.

(Cr. Doc. No. 1065, Tr. Trans. 3/9/2009, pp. 25-29.)

The record thus flatly contradicts the premise of Movant's second claim. Although he asserts in this proceeding that his attorney advised him he would receive a sentence of "0 to 15" years, he testified under oath at his change of plea hearing that:

- he had read the Plea Agreement himself and discussed it thoroughly with his lawyer;
- no promises, representations or guarantees of any kind had been made to him other than what was contained in the Plea Agreement;
- the Plea Agreement constituted the entire agreement he had entered into with the Government;
- no one had promised him leniency or a particular sentence;

8

- he understood that the Court could impose a sentence that was different from any estimate his lawyer might have given him;
- he understood that the Court was not a party to the Plea Agreement and not bound by its terms.

"Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea." United States v. Ross, 511 F.3d 1233, 1236 (9th Cir. 2008) (citing United States v. Kaczynski, 239 F.3d 1108, 1115 (9th Cir. 2001). Movant's claim that he was deprived of the effective assistance of counsel because he pled guilty based on an assurance from his lawyer that he would be sentenced to no more than 15 years has no merit in light of his statements under oath to the contrary. Moreover, the Court notes the unambiguous wording of the Plea Agreement, leaving the decision whether to move the Court for a sentence below the mandatory minimum, to the "exclusive judgment" of the U.S. Attorney's Office. Movant holds a doctorate from Iowa State University in linguistics and before his arrest in this case held a teaching position at the University of Winnipeg. (Cr. Doc. No. 1052, Tr. Trans. 10/6/11, p. 81.) He stated under oath that he had read the Plea Agreement himself, discussed it with his lawyer, and understood its terms. His claim that he understood the Plea Agreement to mean something other than it plainly states is, at best, not credible.

To the extent Movant's second claim attempts to argue that the Plea Agreement he entered into was flawed because it gave the Government "license[] . . . to avoid accountability to any standard," (Mot. at att'd p. 8), that argument is foreclosed by the Plea Agreement's appellate waiver provision quoted above. Even construing his argument as one that the Government breached the Plea Agreement by failing to move under section 3553(e), his second claim fails. Movant made no such argument before the trial court before sentencing; the Ninth Circuit denied the claim as barred by the appellate waiver.

Movant has waived this argument, and is foreclosed from advancing it now in the guise of an ineffective assistance of counsel claim. United States v. Rangel, 697 F.3d 795, 805 (9th Cir. 2012) (citing United States v. Flores-Payon, 942 F.2d 556, 560 (9th Cir. 1991.))

Finally, Movant makes an argument that he "may have been misinformed about the true nature of the case" as "[t]here is another possibility: The case is actually about a historical conspiracy that was hinted [at] throughout the case but was never explicitly stated in the official case." Id. at att'd page 11.  Such a conclusory allegation does not merit relief  under section 2255.  "It is well settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'" Jones v. Gomez, 66 F.3d 199, 205 (9th Cir. 1995) (citing James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994) (emphasis added)); see also Boehme v. Maxwell, 423 F.2d 1056, 1058 (9th Cir. 1970); cf. Shah v. United States, 878 F.2d 1156, 1160-61 (9th Cir. 1989) ("Mere conclusory allegations do not warrant an evidentiary hearing." (citations omitted)).

### 3. Claims Three and Four:   "Ineffectively presented sentencing arguments" and   "Illegal sentence for not being properly imposed under § 3553(a)"

Movant argues his counsel was ineffective because he did not vigorously attack the Sentencing Guideline calculation, thus allowing a "24 level enhancement without the jury finding of beyond a reasonable doubt."'  (Mot. at att'd p. 5.)

In Movant's Plea Agreement, he and the Government agreed to the following Guideline calculations:  a base offense level of 22.  U.S.S.G. § 2G2.2(a)(2).  They also agreed that the Government intended to argue for a number of enhancements and specific offense characteristics, including those set forth in Guideline sections 2G2.2(b)(2), 2G2.2(b)(3)(B), 2G2.2(b)(4), 2G2.2(b)(6), 2G2.2(b)(7)(A) and 3B1.1(a).  (Plea Agreement

¶ 17.) These are the enhancements the Court found applied to Movant's Guideline calculation. The only additional adjustment the Court imposed was one for obstruction of justice under Guideline section 3C1.1.

Movant's argument that his lawyer provided ineffective assistance because he did not attack the Court's Guideline calculation lacks any merit.

First, the declaration of Movant's counsel demonstrates that he made a reasoned, and reasonable, tactical decision to argue the Court should disregard the Guideline sentence because the Guidelines for child pornography crimes were "so out of line and . . . poorly designed for this sort of case." (Cr. Doc. No. 1104 (Tr. Trans. p. 30.) Movant's counsel argued vigorously in his sentencing memorandum and at the sentencing hearing that Movant should receive a sentence below the mandatory minimum, based on his valuable assistance to the Government; the lack of any criminal history or evidence of illicit contact with children; his role in the conspiracy; and the disparity between the sentence imposed and those meted out to codefendants. Id. at 22-32, 43-47.

Movant has not challenged any specific adjustment or enhancement in the Court's Guideline calculation, nor argued any of them are unsupported by the evidence. In other words, he has failed even to argue, much less demonstrate, that he suffered any prejudice from his attorney's decision not to challenge the Guideline calculations. Hence, he has not shown any prejudice.

Movant's fourth claim, that the Court improperly sentenced him without fully considering the section 3553(a) factors, fails for a number of reasons. First, it is barred by the provision in his Plea Agreement barring any collateral attack on his sentence, with only

limited exceptions. Even if the Court construed it as arising under an ineffective assistance of counsel claim, it still fails, because it is belied by the record.

At Movant's sentencing hearing, the Court went through each of the applicable sentencing factors in section 3553(a) at length. Movant appears to be contending that the Court did not give enough weight to the second factor, section 3553(a)(2), the "history and background of the defendant." The record reveals, however, that not only did the Court consider this factor, but discussed at length Movant's background, his educational and professional achievements, the psychological report submitted by the defense, and the effect his conviction would have on him. (Cr. Doc. No. 1104, Sentencing Trans., pp. 15, 18-20, 48-49.) Movant's argument that the Court failed to consider such things as his record of publication while incarcerated, the fact that "he never watches television," and his athletic achievements -- marathon running while in prison -- are utterly specious. The accomplishments Movant complains were not considered at sentencing all were attained post-sentencing. The Court could not have taken them into account, but it did carefully consider, as shown in the record of the sentencing proceedings, the letters received from Movant's family and friends, his education and career, and his own allocution.

For these reasons, the fourth claim fails both on its merits and because it is barred by the waiver provision in the Plea Agreement.

**4.     Fifth Claim:  Plea to a "superseded" indictment**

Movant's final claim is that he pled guilty to a count in a "superseded" indictment, and the plain meaning of "superseded" is "annulled;" hence, he argues, his conviction and sentence are void.

12

First, the Court notes Movant pled guilty to count two in the first "superseding," not "superseded," indictment. More importantly, this claim is barred by the waiver in his Plea Agreement of any right to mount a collateral attack on his conviction. Finally, Movant cites to no supporting legal authority holding a plea to a count or counts in a superseding renders his conviction void. In fact, the law holds to the contrary. See United States v. Hickey, 580 F.3d 922, 930 (9th Cir. 2009) (original and superseding indictment may coexist).

### D. No Evidentiary Hearing is Required and Appointment of Counsel is not Warranted

As set forth above, the record clearly indicates Movant does not state a claim entitling him to relief. Hence, the Court denies Movant's Motion without conducting an evidentiary hearing. See United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986); see also United States v. Chacon–Palomares, 208 F.3d 1157, 1159 (9th Cir. 2000) ("When a prisoner files a § 2255 motion, the district court must grant an evidentiary hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'") (quoting 28 U.S.C. § 2255). As Movant is not entitled to an evidentiary hearing, the Court also declines to appoint him counsel. See Phair v. United States, Nos. C10-1111-RSL, CR08-132-RSL, 2011 WL 3759776, at *4 (W.D. Wash. July 20, 2011) ("There is no right to have counsel appointed in cases brought under § 2255 unless an evidentiary hearing is required, or unless the court determines it is in the interests of justice to make such an appointment.") (citing Terranova v. Kincheloe, 852 F.2d 424, 429 (9th Cir. 1988) and Brown v. Vasquez, 952 F.2d 1164, 1168 (9th Cir. 1992)).

### E. The Court Declines to Issue a Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet the "substantial showing" requirement of § 2253, a Movant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

As discussed above, the Court finds that Movant has not made a substantial showing of any violation of his constitutional rights.  Accordingly, the Court DENIES Movant's request for a certificate of appealability.

### III.  CONCLUSION

For the reasons set forth above, the Court DENIES the Motion and dismisses this action with prejudice.

Dated: May 16, 2016

                VIRGINIA A. PHILLIPS
                United States District Judge